UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Toyota Motor Sales, U.S.A., Inc., | Case No. 22-CV-1681 (KMM/JFD) |
| Plaintiff, | |
| v. | NOTICE & ORDER CLARIFYING AUGUST 1, 2024 ORDER |
| Allen Interchange LLC, Applegate Supply, Patriot Parts of Texas, Bluestone Auto Products, OEM Parts Company, Factor Parts Direct, Autoworks Distributing, and Defendants Does 1–10, | |
| Defendants. | |
| Allen Interchange LLC, | |
| Counterclaimant, | |
| v. | |
| Toyota Motor Sales, U.S.A., Inc., and Toyota Motor North America, Inc., | |
| Counter-defendants. | |

On September 4, 2024, the Court received a letter from Toyota Motor North America, Inc. and Toyota Motor Sales, U.S.A. (together, "Toyota") (Dkt. 238) requesting clarification on several matters addressed in the Court's August 1, 2024 Order. (Dkt. 224). This letter was quickly joined by one from Allen Interchange, LLC ("Allen") (Dkt. 242) and two more from Toyota (Dkt. 243 & 245). On September 16, 2024, the Court heard oral arguments from all parties on Toyota's Motion to Amend the Second Amended Pretrial

Scheduling Order, along with discussion of the issues raised in the parties' letters. Despite the Court's unease as to how the issues were raised and Allen's objections to Toyota's use of letters to address what Allen considers substantive objections to the Court's August 1 Order, the Court finds it to be in the interest of judicial efficiency to address the points of clarification raised without further delay. The Court addressed all but one of these issues from the bench, and an amended pretrial scheduling order will follow in the coming days.

This order dispenses with the one issue taken under advisement at the September 16 hearing, namely providing the parties with clarification about whether and to what extent Toyota must identify to Allen the substance of its agreements with Toyota dealerships regarding purchase of parts from gray market parts dealers. Allen argues that it requires information regarding the version of the Standard Dealer Agreement that Toyota has entered with each of approximately 1,500 Toyota dealers in the United States in order to prove its antitrust counterclaims against Toyota. Toyota argues that these agreements are irrelevant and that being required to provide the information for each of Toyota's over 1,500 dealerships across the country would be disproportionate to the harm alleged by Allen. The Court finds that the clarifications it received from the parties at the September 16 hearing adequately show that discovery of such information as to all dealers would be both relevant and proportionate.

The Court orders Toyota to produce the following information for each dealer within the United States that either or both Toyota party has entered into a dealer agreement with between January 1, 2017 and the time Toyota delivers the information: 1) the name of the dealership; 2) the city and state in which the dealership is located; 3) which version

of the Standard Dealer Agreement was in effect since January 1, 2017; and 4) the dates under which each version of the Standard Dealer Agreement was in effect.

Information regarding the dates and versions of the Standard Dealer Agreement in effect at each dealership is relevant to Allen's antitrust claims because it may show that Toyota engaged in prohibited anticompetitive agreements or actions under the Sherman Act. This information is proportionate because, although it requires information regarding the substance of each dealer agreement in the United States, it only requires four data points for each dealership and goes to the heart of Allen's anti-trust claim. Parties are reminded that the Protective Order (Dkt. 101) applies to this production and the list to be provided to Allen by Toyota may be designated as confidential, or AEO (if the standard for AEO is met) as defined in that Order.

Accordingly, **IT IS HEREBY ORDERED** that Toyota Motor Sales, U.S.A., Inc., and Toyota Motor North America, Inc. disclose the above-described information to Allen within 30 days of the issuance of this Notice.

Date: September 16, 2024

*John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge