UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Toyota Motor Sales, U.S.A., Inc., | No. 22-cv-1681 (KMM/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| Allen Interchange LLC, et al., | |
| Defendants. | |

Defendant and Counterclaimant Allen Interchange LLC ("Allen") objects to a portion of United States Magistrate Judge John F. Docherty's August 1, 2024 Order ("August 1st Order") addressing several cross-motions to compel and motions for protective order. Aug. 1 Order (Doc. 224); Def.'s Appeal (Doc. 227). Allen raises two issues in this appeal. First, Allen appeals the denial of its motion to compel an unredacted version of a 30-page agreement between Plaintiff and Counter-defendant Toyota Motor Sales, U.S.A., Inc. ("TMS") and the owner of the trademarks asserted by TMS, which August 1st Order refers to as "Toyota Japan." Second, Allen filed a request for reconsideration of another portion of the August 1st Order on the same day it filed its appeal, Def.'s Letter (Doc. 226), and asserts that it appeals the August 1st Order to this Court "in an abundance of caution." Def.'s Appeal 2. Here, Allen asks the Court to review Judge Docherty's denial of its request for an order compelling TMS to produce agreements between TMS and other Toyota distributors and sub-distributors, except as to agreements with 10 randomly selected distributors located in Minnesota.

Magistrate judges can hear nondispositive motions in the first instance, subject to district court reversal only where the decision is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3). This standard of review is "extremely deferential" to the magistrate judge's decision. *Scott v. United States*, 552 F. Supp. 2d 917, 919 (D. Minn. 2008). Clear error exists when, in a review of the entire record, the District Court "is left with the definite and firm conviction that a mistake has been committed," even if there is evidence to support the position. *Shukh v. Seagate Technology, LLC*, 295 F.R.D. 228, 235 (D. Minn. 2013) (quotations omitted). A magistrate judge's finding is contrary to law when it fails to apply or misapplies the relevant law. *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008). However, courts rarely find magistrate judge decisions contrary to law in the absence of controlling authority. *See In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, MDL No. 15–2666 (JNE/FLN), 2017 WL 1373257, at *3 (D. Minn. Apr. 13, 2017); *United States v. Boston Sci. Corp.*, No. 11-cv-2453 (JNE/SER), 2019 WL 4052327, at *2 (D. Minn. Aug. 28, 2019).

Allen has not shown that either aspect of the August 1st Order that Allen challenges in its appeal is clearly erroneous or contrary to law. With respect to the request for the entirely unredacted agreement between TMS and Toyota Japan, the Court finds that Judge Docherty's assessment of the efforts Allen made in the pre-motion meet-and-confer process and his determination that the redacted portions of the agreement contain highly sensitive information were not clearly erroneous. Aug. 1 Order 20–21. Nor did Judge Docherty misapply relevant law when he determined that the general proposition that

2

courts construe agreements as a whole did not also support "any special justification to require the disclosure of the entire highly sensitive agreements at issue." *Id.* (discussing *Kroma Makeup EU, LLC v. Boldface Licensing + Branding, Inc.*, 920 F.3d 704, 709 (11th Cir. 2019)).

Turning to the issue of production of distributor and sub-distributor agreements, the Court finds that this aspect of Allen's appeal was prematurely filed. Allen had a simultaneously pending request for reconsideration of this issue based on a misapprehension of where distributorships were located. That misapprehension was evident in the August 1st Order's requirement of production of agreements with Minnesota distributors that do not exist, which the parties have since clarified. After the August 1st Order was issued, TMS agreed to produce a subset of the five possible distributorship agreements that are at issue—the SET and GST agreements. Allen also wants the agreements with distributors covering Guam, Hawaii, and Puerto Rico. Def.'s Appeal 6–7, 15–16. Judge Docherty discussed the reconsideration request during a hearing on September 16, 2024. *See* 9/14/2024 Hr'g Tr. 25:6–33:24 (Doc. 250). After hearing the parties on this issue, Judge Docherty explained: "I'm going to require Toyota to furnish the distributor agreement for Puerto Rico because it's close to the wire but I'm not going to require Guam and Hawaii." *Id.* 33:17–19. In its current appeal, Allen asks the Court to order production of all of the distributors depending on the outcome of the reconsideration request. However, given the subsequent developments, it is unclear whether Allen wishes to make an argument that Judge Docherty's decision to order production of just the Puerto Rico distributor agreement is contrary to law or clearly erroneous. And without any specific

3

argument from Allen about Judge Docherty's reconsideration of the issue during the September 14th hearing, the Court cannot assess whether his decision was clearly erroneous or contrary to law.[1] Accordingly, the Court overrules this objection to the August 1st Order as prematurely filed.

For these reasons, Allen's objections to Magistrate Judge John F. Docherty's August 1st Order are **OVERRULED**, and Magistrate Judge John F. Docherty's August 1st Order is **AFFIRMED** as set forth herein.

Date: October 18, 2024               *s/Katherine Menendez*
                                     Katherine Menendez
                                     United States District Judge

---

[1] It is difficult to imagine how Allen would make such a showing.