UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Toyota Motor Sales, U.S.A., Inc.,<br><br>    Plaintiff,<br>v.<br><br>Allen Interchange LLC, Applegate Supply, Patriot Parts of Texas, Bluestone Auto Products, OEM Surplus, Autoworks Distributing, Factory Parts Direct, Does 1-10,<br><br>    Defendants.<br><br>Allen Interchange LLC,<br><br>    Counter Claimant,<br>v.<br><br>Toyota Motor Sales, U.S.A., Inc.,<br><br>    Counter Defendant. | Case No. 22-cv-1681 (KMM/JFD)<br><br>**ORDER** |

This matter is before the Court on Toyota Motor North America, Inc. and Toyota Motor Sales, U.S.A., Inc.'s (together, "Toyota") Letter to the Court asking permission to file a motion to reconsider this Court's Order (Order, Dkt. No. 343) dated February 11, 2025. (Toyota March 20, 2025 Letter, Dkt. No. 373.) After Toyota filed that request, Allen Interchange LLC ("Allen") filed a Letter in response. (Allen March 24, 2025 Letter, Dkt. No. 377.) Because (1) Toyota has already appealed the February 11, 2025 Order to the District Judge assigned to this case, the Honorable Katherine M. Menendez, (2) Toyota has

failed to show compelling circumstances supporting reconsideration, and (3) over a month has passed since its appeal to the district judge was made, Toyota's request to file a motion to reconsider is denied.

Local Rule 7.1(j) of this District permits motions for reconsideration to be filed only with the Court's permission:

> (j) Motion to Reconsider. Except with the court's prior permission, a party must not file a motion to reconsider. A party must show compelling circumstances to obtain such permission. A party who seeks permission to file a motion to reconsider must first file and serve a letter of no more than two pages requesting such permission. A party who opposes such a request may file and serve a letter of no more than two pages in response. This rule authorizes the parties to file those letters by ECF.

A motion for reconsideration is appropriate only in quite limited circumstances. "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Niazi Licensing Corp. v. Bos. Sci. Corp.*, No. 17-CV-5094 (WMW/BRT), 2019 WL 6827588, at *1 (D. Minn. Dec. 13, 2019) (citing *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)); *see also Fire Ins. Exch. v. CNA Int'l, Inc.*, No. 19-CV-434 (PJS/ECW), 2021 WL 6757982, at *1 (D. Minn. Jan. 21, 2021) (citing *Munro v. Lucy Activewear, Inc.*, No. 16-CV- 0079 (JRT/KMM), 2018 WL 4094845, at *2 (D. Minn. Aug. 28, 2018)).

Toyota seeks permission to file a motion that will ask the Court to reconsider two discovery-related decisions in its order dated February 11, 2025. (Toyota March 20, 2025 Letter 1, Dkt. No. 373.) First, it seeks the opportunity to pursue reconsideration of the Court's decision barring Toyota from obtaining documents relating to whether Allen

received counterfeit parts.[1] (*Id*.) Toyota says that Allen made this evidence relevant when it challenged Toyota statements that gray market distributors commingle counterfeit parts with gray market parts in its Second Amended Counterclaim. (*Id*.) This contention is premised on a misunderstanding of Allen's Counterclaim. Whether Allen ever had counterfeit parts in its possession is irrelevant to whether Toyota made general statements that gray market parts distributors may commingle counterfeit parts with gray market parts in an effort to unlawfully interfere with the market for automotive parts. (February 11, 2025 Order 21, Dkt. No. 343.) Further, even if Toyota's substantive contentions had merit, its request is procedurally improper. It has already appealed this Court's decision on this issue to Judge Menendez (Toyota Appeal of Magistrate Judge Decision 2, Dkt. No. 356), who will issue an order in due course. Toyota does not explain why it is proper for the District Judge and the Magistrate Judge, through different procedural techniques, to be asked to consider the same issue at the same time. In any event, the undersigned will not consider a motion to reconsider on a matter that is already on appeal.

---

[1] A puzzling feature of Toyota's request for permission to file a motion for reconsideration is that of the two discovery topics for which it seeks reconsideration, one of them, the issue of obtaining documents related to counterfeit parts, is already on appeal to District Judge Menendez. (*See* Appeal 2, Dkt. No. 356 (The other topic on which Toyota seeks reconsideration, the directive that Toyota produce Dealer Contact Reports, was not appealed to the District Court.)) While the Court would of course be concerned at any effort to use a motion for reconsideration as a vehicle to elude 28 U.S.C. § 636(b)(1)(A)'s 14-day deadline for appealing a magistrate judge's order (D. Minn. LR 7.1(j), which governs motions for reconsideration, has no explicit deadline by which reconsideration must be sought), that issue need not be addressed in this Order, as the undersigned's denial of Toyota's request for permission to file a motion to reconsider is based on adequate alternative grounds.

Second, Toyota asks the Court for permission to seek reconsideration of the Court's order compelling Toyota to produce so-called Dealer Contact Reports for 250 Toyota dealers to allow Allen to develop its claims that Toyota used contacts with dealers to intimidate dealers into ceasing parts purchases from gray market distributors. (Toyota March 20, 2025 Letter 2, Dkt. No. 373.) The Court was clear in its February 11, 2025 Order that it understood that its order would impose a "significant burden on Toyota" but that the burden was not outweighed by the relevance of the documents at issue, given that the very limited discovery of such documents the Court previously allowed supported those claims. (February 11, 2025 Order 25–26, Dkt. No. 343.) Courts are not required to prevent litigants from incurring significant burdens in discovery; they are charged with ensuring that the burden of discovery is proportionate to the needs of the case. Fed. R. Civ. P. 26(b)(1). The Court determined that the discovery it ordered met that standard, and Toyota has provided no information to the Court that warrants review of that decision that was not presented to the Court in Toyota's arguments on the original motion. Though it states that "[n]ewly discovered evidence mandates reconsideration," (Toyota March 20, 2025 Letter 2, Dkt. No. 373), that conclusory statement does not provide any mention of what that evidence could possibly be. Toyota has therefore not shown that compelling circumstances exist to warrant permission to file a motion to reconsider.

As this Court noted in footnote 1 above, Toyota's objections to this Court's decision on Dealer Contact Reports was not included in its appeal of the February 11, 2025 Order to Judge Menendez. Under 28 U.S.C. § 636(b)(1)(A) and D. Minn. Local Rule 72.2(a)(1), Toyota had 14 days to file detailed objections to the Court's order, a deadline it met as to

multiple other decisions with which it took issue. (*See* Toyota Appeal of Magistrate Judge Decision, Dkt. No. 356.) Toyota's concerns about the proportionality of the burden of retrieving these reports were raised in its briefing and oral argument on the original motion and should have been raised in Toyota's February 25 appeal. In reliance on Toyota's decision to forgo appealing this issue, Allen has begun work identifying the dealers for which it will seek Dealer Contact Reports. (Allen's March 24, 2025 Letter 1, Dkt. No. 377.) Accordingly, even if Toyota had identified compelling circumstances to do so, it would be inappropriate for the Court to reconsider its order for Toyota to produce Dealer Contact Reports for 250 dealers because the request is untimely.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Request for Leave to File a Motion for Reconsideration (Dkt. No. 373) is **DENIED.**

Date: April 2, 2025

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge