UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Toyota Motor Sales, U.S.A., Inc. | No. 22-cv-1681 (KMM/JFD) |
| Plaintiff, | |
| v. | |
| Allen Interchange, LLC, Applegate Supply, Patriot Parts of Texas, Bluestone Auto Products, OEM Parts Company, Factory Parts Direct, Autoworks Distributing, and Defendants DOES 1–10, | |
| Defendants. | **ORDER** |
| Allen Interchange, LLC, | |
| Counterclaimant, | |
| v. | |
| Toyota Motor Sales, U.S.A., Inc., and Toyota Motor North America, Inc., | |
| Counterclaim Defendants | |

---

This matter is before the Court on Toyota's[1] Motion to Dismiss Abuse of Process Claim (Dkt. 367), and TMS's Objection to Order on Discovery Motions (Doc. 356). As explained below, the motion to dismiss is denied, the objection is overruled, and the Order on Discovery Motions (Dkt. 343) is affirmed.

---

[1] In this Order, the Court uses "Toyota" to refer collectively to Plaintiff/Counter Defendant Toyota Motor Sales, U.S.A., Inc. ("TMS") and Counter Defendant Toyota Motor North America, Inc. ("TMNA").

## I. Motion to Dismiss

On February 27, 2025, Defendant/Counterclaimant Allen Interchange LLC ("Allen") filed a Second Amended Counterclaim which introduced a new claim for abuse of process. Second Am. Countercl., Dkt. 362. Toyota moves to dismiss the abuse-of-process claim for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).[2] In considering Toyota's motion, the Court must determine whether the facts alleged in the Second Amended Counterclaim, accepted as true, state a plausible claim for abuse of process. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Allen's claim is plausible if the facts in the pleading allow the Court to draw a reasonable inference that Toyota is liable. *Blomker v. Jewell*, 831 F.3d 1051, 1055 (8th Cir. 2016). The Court must read Allen's pleading as a whole, rather than taking its allegations piecemeal, *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009), and the Court focuses only on the face of the Second Amended Counterclaim, without considering evidentiary materials "in support of or in opposition to the pleading," *BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 687–88 (8th Cir. 2003).

At bottom, an abuse of process claim lies when a party "misuse[s] or misappl[ies] . . . legal process to accomplish an end other than that which the process was designed to accomplish." *Pow-Bel Const. Corp v. Gondek*, 192 N.W.2d 812, 814 (Minn. 1971); *Hoppe v. Klapperich*, 28 N.W.2d 780, 786 (Minn. 1947) (same). "Under Minnesota law, abuse of process requires two elements: '(a) the existence of an ulterior purpose, and (b) the act of using the

---

[2] Pointing to Allen's allegation that Toyota misrepresented information in a cease-and-desist letter, Toyota argues that the Court should analyze the abuse-of-process claim under Fed. R. Civ. P. 9(b)'s heightened pleading standard for misrepresentation claims. Toyota's Mem. 6, Dkt. 369. But in making this argument, Toyota isolates a single paragraph of Allen's pleading (Second Am. Countercl. ¶ 240) that is primarily relevant to Allen's attempt to show that Toyota had an "ulterior purpose" in certain actions it has taken during the course of this litigation. Because that paragraph forms only one piece of the abuse-of-process claim asserted by Allen, the Court finds that the discussion of the cease-and-desist letter does not require application of Rule 9(b) across the board.

process to accomplish a result not within the scope of the proceedings in which it was issued, whether such result might otherwise be lawfully obtained or not.'" *Brandsrud v. Hespenheide*, No. 23-cv-1181 (JRT/TNL), 2024 WL 477100, at *4 (D. Minn. Feb. 7, 2024) (quoting *Duerscherl v. Foley*, 681 F. Supp. 1364, 1369 (D. Minn. 1987)), *aff'd*, No. 24-1448, 2024 WL 4011298 (8th Cir. Apr. 17, 2024).

Taking the allegations in the Second Amended Counterclaim as true and drawing all reasonable inferences in Allen's favor, the Court finds the pleading states a plausible claim. Essentially, Allen alleges that Toyota has a business goal of suppressing or eliminating the flow of gray market parts into the United States to stifle competition. To achieve that goal, Allen claims that Toyota it has attempted to convince the corporate parent for TMS and TMNA, Toyota Motor Corporation in Japan ("TMC Japan"), to intervene and cut off that gray market supply. So far, however, TMC Japan has declined to do so. Instead, TMC Japan asked Toyota to provide it with specific part-related information before it would adopt any "countermeasures." Toyota has been unable to obtain the information it believes is necessary to convince TMC Japan to step in. So, Toyota has allegedly abused the discovery process in this litigation by seeking irrelevant information from Allen and third parties to further its business goals of convincing TMC Japan to stop the flow of gray market parts into the United States. The allegations concerning this claim (Second Am. Countercl. ¶¶ 232–48) would allow a fact-finder to determine that both elements of the abuse-of-process counterclaim are satisfied.

Toyota argues that the abuse-of-process claim fails for several reasons, none of which persuade the Court that the claim should be dismissed. First, although Toyota argues that Allen's abuse-of-the-discovery-process theory fails as a matter of law because discovery is not a process that can form the basis of such a claim, it cites no case from the Minnesota Supreme Court or

3

Court of Appeals that has held as much. While some courts have stated that mere violations of discovery rules alone do not constitute abuse of process, especially where remedies exist during litigation to remedy discovery abuses,[3] none of those cases applies Minnesota law, and Toyota's briefing does not provide a basis for the Court to conclude that the Minnesota Supreme Court would reach the same conclusion. And the law does not appear to so clearly foreclose all abuse-of-process claims based on misuse of discovery procedures.[4] Without something definitively demonstrating that such a claim is foreclosed under the applicable law, the Court will not dismiss the abuse-of-process counterclaim under Rule 12(b)(6).

Second, Toyota argues that Allen failed to state an abuse-of-process claim against TMNA specifically. Again, the Court disagrees. The facts alleged sufficiently implicate TMNA in the conduct underlying the abuse-of-process claim. Whether those facts can be proven in the end is, of course, a question for another day.

Similarly, the Court finds that Toyota's remaining arguments should be addressed at summary judgment or at trial, rather than on the sufficiency of the pleadings alone. For example, Toyota asserts that Allen's allegations are "contradicted by" the record, Toyota's Mem. 7, but such arguments are appropriate for summary judgment or trial, not a motion to dismiss. True, on

---

[3] *See, e.g.*, *Flores v. Emerich & Fike*, 416 F. Supp. 2d 885, 907 (E.D. Cal. 2006) (granting defendants' motion to strike abuse-of-process claim because allegation that "[a]t most … suggest a violation of civil discovery rules" by the defendants during a previous litigation "does not [on its own] constitute an abuse of process").

[4] *See Nienstedt v. Wetzel*, 651 P.2d 876, 882 (Ariz. Ct. App. 1982) (discussing requirements for abuse-of-process claim based on misuse of discovery procedures); *Advanced Const. Corp. v. Pilecki*, 901 A.2d 189, 197 (Me. 2006) ("[A]buse of process claims arise when litigants misuse individual legal procedures, such as discovery, subpoenas, and attachment, after a lawsuit has been filed."); *Hough v. Stockbridge*, 216 P.3d 1077 (Wash. Ct. App. 2009); 1 Am. Jur. 2d, *Abuse of Process* § 12 (Jan. 2025 Update) ("Specifically, abuse of process in the civil discovery context may lie when: (1) the party who employs the process of a court specifically and primarily intends to increase the burden and expense of litigation to the other side; and (2) the use of that process cannot otherwise be said to be for the legitimate or reasonably justifiable purposes of advancing the party's interests in the ongoing litigation.").

a Rule 12(b)(6) motion, the Court has discretion to determine whether to consider certain materials without converting the motion into one for summary judgment, including matters embraced by the pleadings and matters of public record. *See, e.g.*, *Loeffler v. City of Anoka*, 79 F. Supp. 3d 986, 993–94 (D. Minn. 2015) (exercising discretion not to consider spreadsheets submitted in support of the defendants' motion for judgment on the pleadings). But here, the Court finds Toyota's contention that the abuse-of-process counterclaim is contradicted by the record should be evaluated under a summary judgment standard, and is best done on a full record.

Similarly, the Court declines to resolve whether Allen Interchange's abuse-of-process claim is barred by the *Noerr-Pennington* doctrine[5] based solely on a Rule 12(b)(6) standard. Given the allegations in the pleading, whether the doctrine provides immunity for Toyota's alleged conduct or whether any exception to it applies is better resolved through the mechanism of summary judgment or trial. *Inline Pkg., LLC v. Graphic Pkg. Int'l, Inc.*, 164 F. Supp. 3d 1117, 1134 (D. Minn. 2016) ("[W]hether a party's conduct is a genuine attempt to avail itself of the judicial process or is merely a sham is a question of fact that is inappropriate for a motion to dismiss.") (quoting *Scooter Store, Inc. v. SpinLife.com, LLC*, 777 F. Supp. 2d 1102, 1115 (S.D. Ohio 2011)).

For these reasons, Toyota's Motion to Dismiss Abuse of Process Claim (Dkt. 367) is denied.

## II. Objection to Discovery Order

On February 11, 2025, United States Magistrate Judge John F. Docherty issued an Order (Dkt. 343 ("the Discovery Order")) granting in part and denying in part TMS's Motion to

---

[5] *Eastern R.R. Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961); *United Mine Workers of Am. v. Pennington*, 381 U.S. 657 (1965).

5

Compel Discovery (Dkt. 291); denying TMS's Motion for Issuance of Letter of Request (Dkt. 302); granting Allen's Motion for Protective Order (Dkt. 253), and granting in part and denying in part Allen's Motion to Compel Discovery (Dkt. 281). On February 25, 2025, TMS filed its Objection to Order on Discovery Motions (Obj., Dkt. 356), arguing that the Discovery Order is clearly erroneous or contrary to law in two respects. First, TMS argues that the Discovery Order improperly precluded it from pursuing discovery concerning "supply chain and quality control differences" that TMS sought through subpoenas to Allen's U.S. suppliers, requests to issue letters rogatory to Allen's Canadian suppliers, and efforts to conduct an inspection of Allen's facilities. Obj. at 1–2, 4, 7–12. Second, TMS asserts that the Discovery Order improperly prevented it from discovery regarding "commingling of counterfeit and grey market parts" by denying TMS's motion to compel production of documents concerning counterfeit parts. Obj. at 2, 5–6, 12–14.

      Magistrate judges can hear nondispositive motions in the first instance, subject to district court reversal only where the decision is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3). This standard of review is "extremely deferential" to the magistrate judge's decision. *Subramanian v. Tata Constituency Servs. Ltd.*, 352 F. Supp. 3d 908, 919 (D. Minn. 2018). "If the magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, the reviewing court may not reverse it even though had it been sitting as the trier of fact, it would have weighed the evidence differently." *Shank v. Carleton College*, 329 F.R.D. 610, 613 (D. Minn. 2019) (quoting *Meyer v. Haeg*, No. 15-cv-2564 (SRN/HB), 2016 WL 295257, at *3 (D. Minn. Jan. 4, 2016)).

      Clear error exists when, in a review of the entire record, the District Court "is left with the definite and firm conviction that a mistake has been committed." *Shukh v. Seagate Tech.,*

*LLC*, 295 F.R.D. 228, 235 (D. Minn. 2013) (quotations omitted). A magistrate judge's finding is contrary to law when it fails to apply or misapplies the relevant law. *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008). However, courts rarely find magistrate judge decisions contrary to law in the absence of controlling authority. *See In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, MDL No. 15–2666 (JNE/FLN), 2017 WL 1373257, at *3 (D. Minn. Apr. 13, 2017), *aff'd*, 9 F.4th 768 (8th Cir. 2021); *United States v. Boston Sci. Corp.*, No. 11-cv-2453 (JNE/SER), 2019 WL 4052327, at *2 (D. Minn. Aug. 28, 2019).

  TMS has failed to show the Discovery Order is clearly erroneous or contrary to law in any respect. TMS cites neither controlling cases nor persuasive case law that foreclose the Discovery Order's relevance determinations, so the Court cannot find the Discovery Order is contrary to law. And the objected-to portions of the Discovery Order reflect Judge Docherty's careful analysis and application of the law governing the parties' claims, consideration of the relevance of specific discovery TMS sought, and evaluation of the discovery needs for this case. Judge Docherty appropriately exercised discretion in prohibiting TMS's efforts to serve broad subpoenas on and issue letters rogatory to Allen's domestic and foreign suppliers. Judge Docherty also reasonably rejected TMS's efforts to compel a comprehensive inspection of Allen's facilities and properly found irrelevant TMS's requests for all Allen's communications concerning counterfeit parts and all documents reflecting Allen's business processes for determining whether or not parts are counterfeit. Under the standard of review for nondispositive matters, the Court affirms the Discovery Order.

## ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED THAT**

1. Toyota's Motion to Dismiss Abuse of Process Claim (Dkt. 367) is **DENIED**.

2. TMS's Objection to Order on Discovery Motions (Doc. 356) is **OVERRULED**.

3. The Order on Discovery Motions (Dkt. 343) is **AFFIRMED**.

Date: May 28, 2025            *s/Katherine Menendez*
                              Katherine Menendez
                              United States District Judge