UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Toyota Motor Sales, U.S.A., Inc., | Case No. 22-cv-1681 (KMM/JFD) |
| Plaintiff, | |
| v. | **ORDER ON DISCOVERY MOTIONS** |
| Allen Interchange LLC and Defendants Does 1-10, | |
| Defendants. | |
| Allen Interchange LLC, | |
| Counter Claimant, | |
| v. | |
| Toyota Motor Sales, U.S.A., Inc., and Toyota Motor North America, Inc., | |
| Counter Defendants. | |

Two discovery motions in this case are before the Court: Toyota Motor Sales, U.S.A., Inc.'s ("Toyota") Motion to Compel (Dkt. No. 449) and Allen Interchange, Inc.'s ("Allen") Motion for Protective Order (Dkt. No. 481). Both Motions pertain to discovery Toyota seeks regarding Allen's assertion of the so-called First Sale Doctrine as a defense to Toyota's claims in this case. Allen asks the Court to bar Toyota from receiving further discovery into its supply chain, pursuant to previous orders of this Court, at least until Judge Menendez has an opportunity to rule on Allen's pending Motion to Dismiss at Dkt No. 456. (Allen's Mem. in Supp. 2, Dkt. No 483.) Toyota argues that it has the right to

discovery into the bases for Allen's assertion of the First Sale Doctrine, and that such discovery will require an in-depth inquiry into Allen's supply chain.

Also relevant here is Allen's Motion to Dismiss some of the counts in Toyota's Third Amended Complaint (Dkt. No. 456), which is also currently pending before Judge Menendez. For the reasons that follow, the Court agrees with Allen that deciding whether Toyota should be granted the discovery it is asking for is a decision best made after a ruling on Allen's Motion to Dismiss.

## BACKGROUND

This lawsuit involves claims and counterclaims between competitors selling Toyota parts to Toyota dealers in the United States. (*See generally* Dkt. Nos. 5, 15.) Toyota Motor Sales, USA, Inc. ("TMS"), a subsidiary wholly owned by Toyota Motor North America, Inc. ("TMNA"),[1] filed the suit alleging trademark violations under the Lanham Act against Allen Interchange LLC ("Allen"), focusing on the latter's importation and sale of Toyota parts in the United States. (*See* Dkt. No. 5.) In response, Allen filed an aggregate of eight counterclaims against both TMS and TMNA (collectively, "Toyota"). (*See* Dkt. No. 15.)

Toyota sells vehicles and parts to Toyota dealers under a dealer agreement. Most parts in Toyota vehicles do not have aftermarket substitutes made by independent third parties. The parties refer to such parts as "Captive Parts." Toyota dealers sell Toyota

---

[1] Toyota Motor North America, in turn, is a subsidiary of Toyota Motor Corporation, a Japanese company ("Toyota Japan") which is not a party to this lawsuit. (*See generally* Dkt. No. 58 (order denying Allen Interchange's motion for joinder of Toyota Motor Corporation).)

vehicles, provide repair and maintenance services, and may sell Toyota parts to owners. Toyota allegedly sells parts in the U.S. at significantly higher prices than the prices charged by other Toyota entities elsewhere in the world.

Allen Interchange competes with Toyota for sales of Toyota parts. Allen Interchange purchases Toyota parts initially sold outside the U.S. and resells them to Toyota dealers and others in the U.S. at lower prices than equivalent parts that Toyota sells directly in the U.S. market. The parties refer to Toyota parts purchased outside the U.S. and resold within the U.S. by Allen Interchange (and others not parties to this lawsuit) as "Gray Market Parts." While these parts are manufactured and sold by Toyota, they are not meant by Toyota for sale in the United States. According to Allen Interchange, Gray Market Parts bear the same part numbers and are identical in design, function, and quality to Toyota parts that are intended for sale in the U.S. market.

Toyota brought several causes of action against Allen Interchange under the Lanham Act. Toyota alleges that Allen Interchange is a Gray Market Parts supplier, importing and selling Toyota-branded parts intended by Toyota for sale or use outside the U.S. Toyota claims these parts have material differences from the "genuine" parts it sells, such as the absence of a manufacturer-backed warranty, the shipping of the parts, and the handling of "outdated" parts. In response, Allen Interchange asserted several antitrust and related counterclaims, alleging that Toyota engaged in anticompetitive and unfair conduct that was aimed at preventing authorized Toyota dealers from purchasing and reselling parts from Allen Interchange.

## ANALYSIS

This Court has held previously that this is a case about Gray Market Parts, *not* counterfeit parts, an issue that has been extensively litigated, both before this Court and before Judge Menendez. As the Court has said before,

> Counterfeit parts are different from gray market parts in that counterfeit parts are imitations of Toyota parts manufactured by a third-party over which Toyota exercises no control or oversight yet may bear reproductions of Toyota's branding. Gray market parts are parts whose manufacturing is controlled entirely by one of many Toyota manufacturing plants around the world and, at some point, leave a Toyota-approved supply chain before being sold, as relevant here, in the United States by a company unaffiliated with Toyota and outside of the Toyota-approved supply chain. Toyota often generally refers to both counterfeit and gray market parts as "non-genuine" parts.

(Feb. 11, 2025 Order 19–20 n.4, Dkt. No. 343.) The nature of Gray Market Parts is such that they necessarily had to have been sold by an entity approved to do so by a company under the Toyota corporate umbrella.

In February, the Court held that counterfeit parts are not at issue in this case. (Id. at 21.) Toyota objected to that ruling, asking for permission to file a motion to reconsider and appealing the decision to Judge Menendez. (See Apr. 2, 2025 Order Denying Request to File Motion to Reconsider 2–3, Dkt. No. 384.) In both of those filings, Toyota's arguments were again rejected. (*See id.*; see also May 28, 2025 Order Affirming Feb. 11, 2025 Order, Dkt. No. 468.) The Court has also set strict limits on discovery into Allen's supply chain. (See Aug. 1 Order 22, Dkt. No. 224 ("Toyota has demonstrated the need for the identity of Allen Interchange's suppliers—but not other related information.")). That order "set the

4

suppliers' identities as the outer limit on the information discoverable about the suppliers." (Feb. 11, 2025 Order 12, Dkt. No. 343.)

The thrust of Allen's arguments in its briefing and at oral argument is that Toyota is judicially estopped from contesting Allen's assertion of the First Sale Doctrine because it conceded that the parts at issue are Gray Market Parts. That issue is currently before Judge Menendez on Allen's Motion to Dismiss, and this Court makes no determination about the extent to which Toyota's previous statements regarding Gray Market Parts bar it from challenging Allen's assertion of the First Sale Doctrine. This Court's decision on the issue before it on these motions is based solely on its previous determinations as to the scope of discovery in this case.

To the extent necessary to decide the narrow question as to whether Toyota may pursue further discovery into Allen's supply chain in relation to Allen's assertion of the First Sale Doctrine as a defense against Toyota's claims, Toyota has failed to provide sufficient legal or factual grounds to support a decision overruling previous decisions of both this Court and Judge Menendez as to the scope of discovery in this case. Toyota may not seek further discovery into Allen's supply chain unless and until Judge Menendez's decision on Allen's Motion to Dismiss provides grounds for such inquiry.

5

## CONCLUSION

Accordingly, based on the foregoing and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Toyota Motor Sales, U.S.A., Inc.'s ("Toyota") Motion to Compel (Dkt. No. 449) is **DENIED without prejudice**; and

2. Allen Interchange, Inc.'s ("Allen") Motion for Protective Order (Dkt. No. 481) is **GRANTED** as set forth in this Order.

Date: July 28, 2025

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge