UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Toyota Motor Sales, U.S.A., Inc.,<br><br>    Plaintiff,<br>v.<br><br>Allen Interchange LLC and Defendants Does 1-10,<br><br>    Defendants.<br><br>Allen Interchange LLC,<br><br>    Counter Claimant,<br><br>v.<br><br>Toyota Motor Sales, U.S.A., Inc., and Toyota Motor North America, Inc.,<br><br>    Counter Defendants. | Case No. 22-cv-1681 (KMM/JFD)<br><br>**ORDER** |

    This matter is before the Court on Allen Interchange, LLC's ("Allen") Motion to Compel Redesignation of documents that it claims the Toyota parties[1] have improperly designated as "Attorney's Eyes Only" ("AEO") under the Protective Order in this case. (Dkt. No. 501.) The Court heard oral argument on the motion on July 2, 2025. Attorneys John Sear, Joshua Newcomer, and Robert M. Manley appeared on behalf of the Toyota parties, and Attorneys Jeya Paul, Gina Tonn, and Evan Nelson appeared on behalf of Allen.

---

[1] As has become customary in this case, the Court uses the terms "Toyota parties" and "Toyota" to reference both Toyota Motor Sales, U.S.A., Inc. ("TMS"), and Toyota Motor North America, Inc. ("TMNA"). Where a distinction between the Toyota parties is required, the Court uses TMS and TMNA.

(Min. Entry, Dkt. No. 519.) Because Allen's motion lacks the specificity required by the Protective Order in this case and the relief it seeks would impose an undue burden on Toyota without a likely benefit to the case, the Court denies Allen's motion without prejudice. Allen may refile a motion on this issue if it identifies specific documents or categories of documents whose AEO designations are inappropriate and a less burdensome process by which it can be afforded relief.

In its briefing, Allen accuses Toyota of "abusing the ability to designate documents and information as [AEO]," stating that 78% of all documents produced in this case by Toyota have been designated as AEO. (Allen's Mem. in Supp. 1, Dkt. No. 503.) To ameliorate the harm Allen alleges has been caused by this claimed over-designation, Allen asks the Court to order Toyota to undertake a review of all documents Toyota has marked as AEO and "limit the AEO designation to highly confidential information that is competitively sensitive in accordance with the [protective] order." (*Id*. at 3.) Allen also seeks an award of costs associated with the motion.

The facts alleged by Allen in this motion are largely uncontested. Toyota agrees that it has produced "a disproportionate amount of AEO material" but it claims that this fact should be unsurprising, given the nature of the case and the fact that so much of the discovery in this case is competitively sensitive. (Toyota's Mem. in Opp. 2, Dkt. No. 513.) Toyota argues that Allen's motion is improper in that it attempts to circumvent the procedures in place for challenging designations by challenging Toyota's practice of designating documents as AEO generally, rather than designations of specific documents

or groups of documents. Toyota also argues that Allen's requested relief would impose an undue and extremely costly burden on Toyota. (*Id*.)

The Protective Order in this case specifies procedures for challenging an allegedly improper use of the AEO designation. Those procedures require, as Toyota correctly points out, a challenge to a specific document or group of documents. While it is true that the Court also noted in the Protective Order that it would be alert to over-use of the AEO designation, that language cannot be used as authority for a challenge like the one now before the Court, which attempts to forego analysis of the *content* of particular documents in favor of an across-the-board challenge to the *frequency* with which documents are designated AEO. (*See* Protective Order, Dkt. No. 101.) In relevant part, the Protective Order states, "A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. … The party or non-party who designated *a document* as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c)." (*Id*. at 11 (emphasis added).) This language shows that the process in the order contemplates challenges to designations much more specific than the statistic that Allen discusses in its brief. While Allen need not challenge documents on an individual basis, the Court cannot accept a challenge as broad as that posed by Allen in this motion, nor will the Court accept a challenge that is not based on the content of the documents.

Further, the Protective Order discusses a court-ordered de-designation of documents, not a total review of all documents designated as AEO, a process that undoubtedly would be incredibly costly and is not guaranteed to result in a significant re-designation, as Toyota would retain the discretion to maintain existing designations. The

effect of the order Allen seeks could be that Toyota spends tens of thousands of dollars reviewing the documents and concludes that the designations are proper, leaving the parties and the Court in the same position as before. The Court will not order such costly—and almost certainly pointless— measures.

The Court strongly encourages both parties to resist the temptation to over-designate documents and reiterates that it will not hesitate to order redesignation in appropriate cases. But the current motion does not comply with the Protective Order's procedures which means that the Court cannot act on it.

## **CONCLUSION**

Accordingly, based on the foregoing and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Allen Interchange, LLC's Motion to Compel Redesignation (Dkt. No. 501) is **DENIED without prejudice**.

Date: August 7, 2025

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge