**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Toyota Motor Sales, U.S.A., Inc., | Case No. 22-cv-1681 (KMM/JFD) |
| Plaintiff, | |
| v. | |
| | **ORDER** |
| Allen Interchange LLC, Does 1-10, | |
| Defendants. | |
| Allen Interchange LLC, | |
| Counter Claimant, | |
| v. | |
| Toyota Motor Sales, U.S.A., Inc., | |
| Counter Defendant. | |

This matter is before the Court pursuant to the Court's finding that appointment of a Special Master is necessary to "address pretrial … matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district," pursuant to Fed. R. Civ. P. 53(c). In a short telephone conversation and an order on February 27, 2026 the Court notified the parties of its intent to appoint a special master and ordered each party to file a letter, no more than five pages long, expressing their positions on three issues: 1) whether the party objects to the appointment of a special master and the grounds for such objection; 2) the appropriate scope of any special master's authority and duties in this case; and 3) the allocation of costs associated with a special master. (*See* Order to Show

1

Cause, Dkt. No. 890.) Now that those letters have been received, (*See* Dkt. Nos. 892–893), the Court concludes that the appointment of a Special Master is appropriate, that the Special Master will be assigned all pending and future discovery, privilege, and confidentiality disputes, and that the parties will share the costs of the special master equally.

As a general matter, the parties do not object to the appointment of a Special Master, and the Court will appoint one. Their disagreements largely lie in the scope of the Special Master's work and the allocation of costs. As to scope, Toyota proposes that all pending and future discovery disputes be referred to the Special Master. (*See* Toyota Letter 1–2, Dkt. No. 892.) Allen requests that the Court keep and decide the motions already pending before it, as a matter of cost and time savings. (*See* Allen Letter 1–2, Dkt. No. 893.)

While the Court accepts that it may take some time and money to get a Special Master "up-to-speed" on the Court's previous orders, the Court will refer pending disputes to the Special Master. Reviewing previous orders is a task that is expected to be undertaken by any person new to a case and while the amount of additional work involved in going beyond review to deciding is significant, it is not sufficient, under all the circumstances of this case, to cause the Court to hesitate in deciding that the Special Master will decide pending disputes, as well as future disputes. Though the Court has worked on this case for years now, every new order requires an in-depth analysis of previous orders. The volume of disputes in this case has become too unwieldy for this Court to handle on its own. The Special Master's role will be designed to alleviate some—but not all—of that burden, so the Court can allocate time to this case only when absolutely necessary. The Court will remain available for consultation with the Special Master, if necessary. Allen's other

requests regard the case schedule and procedures for objecting to orders issued by the Special Master. Both issues will be addressed in the Court's Appointment Order pursuant to Rule 53(b), which will issue upon the Court's selection of a nominee.

As to allocation of costs, the parties will share the costs of the Special Master equally. For the avoidance of any doubt, Allen and its associated entities will bear 50% of the costs, and the Toyota parties (Toyota Motor Sales, USA, Inc. and Toyota Motor North America, Inc.) will bear 50% of the costs.[1] The Court sees no reason to place more of the cost burden on one side or the other. Both parties have contributed to the unfortunate state of relations in this case, and both have been admonished multiple times as to the need for change. If, after the Special Master's appointment has expired, a party feels it has shouldered an unfair amount of the cost of the Special Master, that party can make an appropriate motion.

**Each side is ordered to nominate, via letter filed on the docket, up to three individuals to serve as Special Master by Thursday, March 12, 2026.** Pursuant to Fed. R. Civ. P. 53(b)(3)(A), each letter should include an affidavit from each nominee disclosing whether there is any ground for disqualification under 28 U.S.C. § 455, as an attachment. Each nomination should also include:

1. A short (less than 50 words) biography of the nominee or a link to the nominee's professional website;

---

[1] Any disputes that arise involving a third party, including a Toyota-related entity whose interests diverge materially from those of the Toyota parties and who are represented by counsel not already having appeared in this case, must be raised with the Court, not with the Special Master.

2. A list of the jurisdictions in which the nominee is licensed to practice law (or was licensed to practice law, if retired);

3. The city and state of the nominee's primary place of business;

4. Telephone and email address the Court may use to contact the nominee;

5. The nominee's proposed hourly billing rate;

6. A short (less than 50 words) explanation for why the party chose the nominee; and

7. If applicable, a short (less than 50 words) statement identifying the nominee's contributions to greater diversity of experience in the private Informal/Alternate Dispute Resolution (IDR/ADR) industry.[2]

The Court will review and give preference to the parties' nominations, especially if the parties can agree on an appointment, but the Court may also nominate and appoint a Special Master *sua sponte* if the parties' nominations are unworkable. After choosing a Special Master, the Court will issue an Appointment Order pursuant to Rule 53(b).

**SO ORDERED.**

Date: March 6, 2026

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge

---

[2] The Court is interested in a nominee's vocational and avocational work toward an industry that reflects the public it serves, across many spectra of experience. The Court will make no appointment based on a nominee's actual or perceived race, color, religion, sex (including pregnancy, sexual harassment and sexual orientation), national origin, age, disability, or other protected status. Parties are encouraged to review Homer C. La Rue and Alan A. Symonette, *The Ray Corollary Initiative: How to Achieve Diversity and Inclusion In Arbitrator Selection*, 63(2) Howard L.J. 205 (Winter 2020), https://raycorollary.org/wp-content/uploads/2024/03/63_2-Howard-LJ-215-Wint.-2020-129-2.pdf (last visited Mar. 6, 2026).

4